IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSELITO A. SMITH, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. CIV-22-1061-F |
| UNITED STATES DEPARTMENT OF THE AIR FORCE, | ) ) ) ) |
| Defendant. | ) ) |

**ORDER**

Before the court is Defendant's Motion to Dismiss, filed March 21, 2023. Doc. no. 17. Although advised that a response to defendant's motion was due by April 11, 2013, and that the court would deem the motion confessed if plaintiff failed to file a response by that date,[1] plaintiff has not filed any response to defendant's motion. Therefore, pursuant to Rule 7.1(g) of the court's Local Civil Rules, the court deems the motion confessed. Having independently reviewed defendant's motion, the court finds that it should be granted.

Plaintiff brings claims against defendant for "Negligence-Dereliction of Duty" and "Discriminatory Practices" arising from a workplace accident that resulted in personal injuries. Plaintiff seeks "funds for surgery, continued medical care, [and to recoup losses]." Doc. no. 1. ECF, p. 4.

Sovereign immunity generally shields the United States, its agencies, and its officers acting in their official capacity from suit. Normandy Apartments, Ltd. v. U.S. Dept. of Housing and Urban Development, 554 F.3d 1290, 1295 (10th Cir.

---

[1] *See*, doc. no. 18.

2009). The defense of sovereign immunity is jurisdictional in nature, depriving courts of subject-matter jurisdiction where applicable. *Id.* A party seeking to assert a claim against the government must point to a specific waiver of sovereign immunity in order to establish the court's jurisdiction. *Id.* Plaintiff's complaint does not identify a specific waiver of sovereign immunity to establish the court's jurisdiction. As such, it is subject to dismissal for lack of subject matter jurisdiction. *See*, Pontius v. U.S. Department of Justice, No. 22-6073, 2023 WL 409695 (10th Cir. Jan. 26, 2023) (affirming dismissal of amended complaint because plaintiff failed to identify waiver of sovereign immunity) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

To the extent plaintiff intends to bring his claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, which provides a waiver of sovereign immunity for certain state law tort claims,[2] the court concludes that the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101 *et seq.*, forecloses plaintiff's claims. The record[3] before the court indicates that plaintiff made a claim with the United States Department of Labor's Office of Worker's Compensation Program (OWCP), and the OWCP determined the FECA applied to his workplace injuries.[4] Because the FECA applies to plaintiff's injuries, the court is without jurisdiction to consider the merits of plaintiff's FTCA claims. *See*, Tippetts v. United States, 308 F.3d 1091, 1094 (10th Cir. 2002). This is true, even if benefits are not actually awarded by the United States Secretary of Labor. *Id.* Consequently,

---

[2] *See*, Garling v. United States Environmental Protection Agency, 849 F.3d 1289, 1294 (10th Cir. 2017).

[3] The court has discretion to refer to evidence outside the pleadings without converting defendant's motion under Rule 12(b)(1), Fed. R. Civ. P., to a motion under Rule 56, Fed. R. Civ. P., as resolution of the jurisdictional issue does not require resolution of an aspect of the substantive claims. Sizova v. Nat. Institute of Standards & Technology, 282 F.3d 1320, 1324 (10th Cir. 2002).

[4] Because the FECA applied, defendant denied plaintiff's administrative tort claim.

plaintiff's claims, to the extent they are FTCA claims, are subject to dismissal for lack of subject matter jurisdiction.

Accordingly, for the reasons stated, Defendant's Motion to Dismiss (doc. no. 17) is **GRANTED**. Plaintiff Joselita A. Smith's complaint against defendant United States Department of the Air Force is **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction.

IT IS SO ORDERED this 13th day of April, 2023.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-1061p003.docx